DIXON, Judge
(concurring).
I respectfully concur.
There seems to me sufficient evidence to support the plaintiff’s claim that the contract of employment was a Louisiana contract. Both Decker and Gray lived in Shreveport. Gray’s child read Decker’s ad in a Shreveport paper. Gray was interviewed by Decker in Shreveport. Decker carried Gray and some of his family across to Texas (between Waskom and Marshall) to look at the farm and to instruct Gray on work to be done. Only Decker claims that the contract of employment was made in Texas. Gray and some of his family testified that the agreement was not completed until after they returned to Shreveport.
*159 None of this, however, avails the plaintiff. There is insufficient evidence in the record from which it can he concluded that Gray was disabled for more than a short period of time. He received all his wages until he moved off of Decker’s farm. He never informed anyone that he could not do the work Decker required of him. The treating physician did not expect any long period of disability as a result of the injury to the rib cage. After seeing a physician on two occasions, Gray left the farm and obtained employment in a logging operation, and was subsequently injured again.
There is not enough evidence in this record to show that the accident of which Gray complains caused him any disability after he terminated his employment.
The judgment of the district court should be affirmed.